NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL S. BEATTY, | : | Civil No. 05-3599 (AET) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

**APPEARANCES**:

> PAUL S. BEATTY, Petitioner Pro Se
> Ann Klein Forensic Center
> Box 7717
> West Trenton, New Jersey  08628

**THOMPSON**, District Judge

Petitioner Paul S. Beatty filed a Petition for Writ of Habeas Corpus challenging his detention at the Ann Klein Forensic Center.  Having thoroughly reviewed Petitioner's allegations, the Court summarily dismisses the Petition, without prejudice to the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after the exhaustion of remedies available before the New Jersey courts.

**I.  BACKGROUND**

Petitioner brings this Petition against the State of New Jersey, Ann Klein Forensic Center, Oceanport Police Department, Monmouth Park Racetrack, Local 172 - Newark, and the New Jersey Racing Commission.  The body of the Petition is set forth below:

>    Petitioner, Paul S. Beatty, 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, petitions this Honorable Court, to be released from unlawful detention at Ann Klein Forensic Center, Trenton, number 13080 and be returned to the jurisdiction of the Oceanport Municipal Court to be tried on the charges pending in same.
>
>    The other Defendants pertain to the charges in the Oceanport Municipal Court, directly or indirectly.
>
>    I am a member of the New Jersey and Maryland Bars, but as confined, only have this paper and a pen.
>
>                    Respectfully submitted,
>                    Paul S. Beatty

(Pet. at 1-2.)

## II.  STANDARD OF REVIEW

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  A habeas corpus petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury.  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable through Rule 1(b).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

## III.  DISCUSSION

A.  Jurisdiction

   Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered

2

in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  See <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973); <u>Moore v. DeYoung</u>, 515 F.2d 437, 442, 443 (3d Cir. 1975); <u>Triano v. Superior Court of New Jersey, Law Div.</u>, 393 F. Supp. 1061, 1065 (D.N.J. 1975), <u>aff'd</u> 523 F.2d 1052 (3d Cir. 1975) (table).  Although the Petition does not contain a statutory reference, this Court construes the Petition as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

> Section 2241(c)(3) of Title 28 of the United States Code provides:
>
>> The writ of habeas corpus shall not extend to a prisoner unless– . . .
>> He is in custody in violation of the Constitution or laws or treaties
>> of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); <u>see also</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 8.1 (4th ed. 2001).

Petitioner satisfies the status requirement because, according to the Petition, he is detained at the Ann Klein Forensic Center.  The question here is whether the Petition asserts violation of a constitutional or federal right.  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  In reviewing a habeas petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1]  Nor may a court recharacterize a ground asserted under state law as a federal constitutional claim.[2]  "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

Petitioner asserts that his detention is "unlawful," but he does not indicate that his confinement is in violation of the Constitution, laws or treaties of the United States. Accordingly, this Court lacks subject matter jurisdiction over the Petition, as written, and will

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle v. Isaac, 456 U.S. 107 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

dismiss it. The dismissal will be without prejudice to the filing of another petition asserting violation of federal law after Petitioner has exhausted his federal claims before the New Jersey courts.[3] See Moore, 515 F.2d at 442 (Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism).

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice, and denies a certificate of appealability.

                              s/Anne E. Thompson
                        **ANNE E. THOMPSON, U.S.D.J.**

Dated: March 3, 2006

---

[3] To the extent the Petitioner seeks to assert a constitutional tort for malicious prosecution, the Court observes that "a state prisoner's [42 U.S.C.] § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005); see also Heck v. Humphrey, 512 U.S. 477 (1994); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).